## HULTS v. FOWLER.

### No. 14068.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1941.

Rehearing Denied March 7, 1941.

———◆———

Tuohy & Crager, of Fort Worth, for appellant.

Arthur Haddaway, of Fort Worth, for appellee.

BROWN, Justice.

At the request of the litigants, this cause was held on the submission table awaiting the decision of our Supreme Court in the case of Kadane v. Clark, 134 S.W.2d 448.

On October 2, 1940, the Supreme Court handed down its opinion and same is found in Vol. 143 S.W.2d 197. Motion for a rehearing has been overruled.

Appellee, in the instant case, sued appellant upon an oral contract, alleging that appellant agreed to pay him ten cents per acre for his services in obtaining for appellant oil and gas leases on certain lands in Kent County, Texas; that the leases were obtained by plaintiff and tendered to appellant but that appellant refused to pay for same.

Appellant answered and specially defended on the ground that plaintiff cannot recover under the alleged contract because the plaintiff had not complied with The (Texas) Securities Act, Vernon's Anno. Tex. Civil Statutes, Art. 600a, and had violated the provisions of Article 1083a, Vernon's Anno. Criminal Statutes (Penal Code).

The cause was tried to a jury and among the issues submitted was this: "Do you find from a preponderance of the evidence that the plaintiff, Thomas Fowler, was a dealer in securities?" The jury answered: "No", and on this verdict, which disposed of other issues not pertinent to this opinion, the trial court rendered judgment for the plaintiff and defendant has appealed.

The facts are undisputed. Appellee Fowler made no effort to comply with the statutes referred to and relied upon by appellant.

Under the broad and comprehensive opinion of the Supreme Court of Texas in Kadane v. Clark, 143 S.W.2d 197, appellee's petition was vulnerable when tested by the general demurrer, and after the trial court heard the testimony and the admissions made by Fowler, an instructed verdict for the defendant should have been given.

We sustain the first assignment of error.

Appellee has requested that he be given the privilege of filing supplemental briefs, in aid of his original briefs, and we have granted such right.

In his briefs, appellee asserts that he here relies upon the third counter proposition urged in his original brief and the seventh counter proposition found in his supplemental brief.

The first proposition relied upon urges that the evidence is undisputed that defendant agreed to pay plaintiff ten cents per acre for "getting the leases", and that, therefore, plaintiff was contracting to negotiate a purchase for defendant, and that it is only sales, not purchases, that are condemned by the "Securities Act".

The other proposition is: "The defendant's plea of illegality, contained in his answer, is insufficient in law, and his proof

also failed to establish illegality. The burden of proof of illegality, being entirely upon the defendant, not having been discharged, the plaintiff is entitled to recover for the agreed price of his services."

We will discuss the last proposition first.

The plaintiff urged only a general demurrer to the defendant's answer, and we are of opinion that the answer is sufficient to raise the issue of the illegality of the contract, as measured by the said Texas Securities Act, when tested by the general demurrer.

In the instant case, appellee endeavors to show a distinction between the facts here and those found in the Kadane v. Clark case, supra, and the first proposition relied upon urges that the appellant agreed to pay appellee ten cents per acre for "getting the leases" for appellant; that in this case the appellee was simply employed by the appellant to negotiate for appellant purchases of oil and gas leases from owners of the land.

Mr. Justice Sharp, in disposing of the issues raised in the Kadane-Clark case, supra, quotes Section 30 of the Securities Act, Vernon's Ann.P.C. art. 1083a. See 143 S.W.2d at pages 198, 199.

This act declares that: "Any dealer, agent, salesman, principal, officer, or employee, who shall, within this State, sell, offer for sale or delivery, solicit subscriptions to or orders for, dispose of, invite offers for, or who shall deal in any other manner in any security or securities, without being registered as in this Act provided, or who shall within this State, sell, offer for sale or delivery, solicit subscriptions to and orders for, dispose of, invite orders for, or who shall deal in any other manner in any security or securities issued after the effective date of this Act without having secured a permit as herein provided * * * shall be deemed guilty of a felony, etc." Vernon's Anno. Penal Code, Art. 1083a, Sect. 30.

■ In the light of the holding and interpretation given by our Supreme Court, we are unable to see how any "agent" of another, any "salesman" or any "solicitor", it matters not by whom he is employed, can make a valid contract to "deal in any other manner in any security or securities", as defined by the act, without complying with the provisions of the act, unless he can come squarely within the exceptions provided for in the act.

We are of opinion that appellee's contract with appellant must be measured by the terms of the Securities Act and, using such yardstick, it becomes our duty to reverse the judgment of the trial court and to here render judgment for appellant. It is so ordered.