HERREN v. HOLLINGSWORTH.

No. 11689.

Court of Civil Appeals of Texas. Galveston.

March 29, 1945.

Rehearing Denied June 28, 1945.

See also 140 Tex. 263, 167 S.W.2d 735.

W. B. Lewis, of Houston, for appellant.

Cole, Patterson, Cole & McDaniel, of Houston, for appellant on motion for rehearing.

Wm. G. B. Morrison, of Houston, and S. G. Sample, of Edna, for appellee.

CODY, Justice.

Special exceptions having been sustained to plaintiff's third amended original petition, and plaintiff declining further to amend, judgment was rendered dismissing his petition. The parties will be referred to as in the trial court.

Plaintiff, Hubert B. Herren, filed his original petition against defendant, L. R. Hollingsworth, in the district court of Jackson County, on November 1, 1940. As indicated, the petition which was dismissed was his third amended original petition, wherein plaintiff alleged in substance:

That defendant had listed with him his land in Jackson County for a period of ninety days for the purpose of procuring some one to drill an oil or gas well thereon in accordance with the contract embodied in these two letters:

"November 10, 1936.
"Mr. Hubert B. Herren
"Harlingen, Texas

"Dear Sir:

"For and in consideration of services rendered and to be rendered, this is to advise you that you have an option for a period of ninety days from this date to perfect a drilling contract on the land I own in Jackson County, Texas, described as follows: The Eli Mercer Grant containing 4336.5 acres of land, more or less, and subject to the following conditions.

"That you will negotiate a drilling contract for the drilling of an oil and gas well to the depth of 6500 feet and this to be supplemented by a drilling lease on revised 88 Standard Texas Form, with specific drilling obligation attached thereto.
"Very truly yours,
"L. R. Hollingsworth."

"November 10, 1936.
"Mr. L. R. Hollingsworth,
"Harlingen, Texas.

"Dear Sir:

"Whereby you have given me a ninety day option on your land in Jackson County, Texas, described as a certain 4336.5 acres in the Eli Mercer Grant, I am in turn giving you this letter.

"This is to advise for and in consideration of a drilling contract for the period of ninety days for oil and gas well to the depth of 6500 feet that you have given me, this is to advise you the following:

"That if and when I am able to secure a drilling contract on your land, that I will present said drilling proposal to you, and the selection of the drilling contractor shall be made by you.

"That until such a date as we shall enter into a contract by and between ourselves pertaining to how the deal shall be handled is to be decided by you, in other words, your word is to be final without question.

"Whereas for and in consideration of the drilling contract you have given me this date I hereby agree to accept 25% of the net money and acreage left after the drilling contract and the cost of the well has

been deducted. Of course this only includes the leases and money through the promotion of an oil and gas well, and does not in any way include in any interest in the owners one eighth royalty.

"Hubert Herren
"L. R. Hollingsworth."

That plaintiff procured the Texon Drilling Company to drill the well; that said company was accepted by defendant, and defendant entered into a written contract with it in accordance with the contract embodied in the foregoing letters. That said contract is in defendant's hands, and the terms thereof well known to defendant, and plaintiff cannot plead them.

That defendant did not have a merchantable title. And the Texon Drilling Company because of such title defect would not drill the well. That plaintiff had, by procuring said company to enter the written contract to drill the well, earned the compensation provided for in said letters. That such compensation consisted of 25% of the cash bonus received by defendant, and an oil and gas lease of 25% of defendant's said land which remained unleased to the Texon Drilling Company. That therefore the compensation "was contingent upon the drilling of a well to a depth of 6500 feet or oil or gas well at a lesser depth drilled, the market value of the leases owned by this plaintiff was of a reasonable market value of $100,000.00 for this part of the land out of the Mercer League above mentioned."

That, as a part of the consideration for plaintiff's services, plaintiff procured leases of 22 separate tracts in addition to the Mercer interest (save and except some 600 acres which was to be owned jointly by the parties), and these leases were to be paid for by the drilling of the well on the Mercer League tract. That plaintiff cannot give a description of the 22 tracts, but they are described on a map in defendant's possession.

That, had the well been drilled, plaintiff would have sold his leases on the 22 tracts at their market value of $150,000, while the well was being drilled.

Plaintiff further urges, as a plea of estoppel, the following: That defendant, knowing all the facts, asked and had plaintiff to do other work, and secure other leases, which plaintiff would not have done except he had been told by defendant that a binding contract had been made.

The court sustained the first nine special exceptions to plaintiff's petition, which in substance are as follows:

1. That the letters pleaded failed as a legal contract and fell afoul of the Statute of Frauds.

2. The said letters are too indefinite and uncertain as to subject or purpose to constitute an effective agreement or a contract.

3. That the letters are unenforceable in law for such uncertainty, and are in conflict as to conditions and subjects and purposes and that the intent of the parties cannot be ascertained therefrom.

4. That the paragraphic allegations of plaintiff's trial petition are too uncertain, vague and indefinite to disclose the cause of action, or the loss, or that defendant made any promise to plaintiff.

5. That no pleading of plaintiff reveals that defendant undertook any obligation or that he violated any duty owed the plaintiff.

6. That the damages, or claimed losses, are not pleaded with the clarity or certainty required by law.

7. That the damages asserted with respect to land not mentioned in or contemplated by the option, also offend the Statute of Frauds, are pleaded as some oral agreement independently of the option, that such damages are barred by limitation, and are not shown or alleged in the petition.

8. That the petition discloses on its face that both plaintiff and his alleged party failed to perform, and that

9. The petition fails to comply with requirements of Rule 79, Texas Rules of Civil Procedure.

It was stipulated between the parties that the court, in passing on the exceptions, was to take judicial notice of the rulings made in Taylor v. L. R. Hollingsworth, Tex. Civ.App., 169 S.W.2d 519; Id., 142 Tex. 158, 176 S.W.2d 733. That is the case in which it was determined that defendant had a good title to the Mercer League, as against the defect which the Drilling Company objected to. Said suit was not brought by defendant Hollingsworth to clear his title. It was fear that such suit would be brought, and might prevail, that caused the Drilling Company to reject the title as not being merchantable.

Plaintiff predicates his appeal upon five points:

1. That the court erred in sustaining special exceptions Nos. 1 to 9, inclusive, and in depriving plaintiff of the right to recover his commission.

2. That the court erred in sustaining special exception No. 1, because the Statute of Frauds is not involved.

3. That the court erred in sustaining special exceptions Nos. 2 to 7, inclusive, "because the listings and all other allegations of the plaintiff are sufficiently definite upon which to base a brokerage contract, and it is, in fact, a contract only to drill an oil or gas well to the depth of 6500 feet and has a specific and definite consideration for said contract."

4. That the court erred in holding the allegations with reference to the 22 additional tracts are insufficient.

5. The court erred in not sustaining plaintiff's plea of estoppel.

Plaintiff also asks for costs of appeal to be retaxed in so far as they have been assessed by reason of the inclusion in the transcript of plaintiff's original, first amended original, and second amended original petitions; also for including the cost bond made to the officers of the trial court, as well as the bond on the former appeal.

## Opinion.

On the former appeal of this case the Supreme Court said of the agreement, evidenced by the two letters set out above, that it appeared therefrom that Hollingsworth sought a contract to develop his ranch, and that Herren was empowered only to secure the services of a driller who would agree to explore Hollingsworth's ranch for a consideration later to be decided upon by the driller and Hollingsworth, 140 Tex. 263, 167 S.W.2d 735, at page 738. It further may be inferred from the letters that Herren and Hollingsworth intended Herren's compensation should be derived from participating in some way in the profits which Hollingsworth would get from the drilling contract, and that Herren was to obtain oil leases on 25% of Hollingsworth's ranch that remained unsubjected to the drilling contract which Herren might obtain. But so far as can be judged from the letters the parties had but imperfect or confused ideas as to how their purpose was to be carried into effect.

■ By whatever name we may designate what Herren was to get out of the deal, he has not sued to recover any bo-

nus that was paid or to be paid by the Drilling Company to Hollingsworth. From the nature of the contract which was to be obtained—one to explore for oil—it is highly unlikely that, unless possibly a nominal one, any bonus would be paid. In any case plaintiff has sued for damages, alleging that if the well had been drilled he would have received leases on the ranch of the market value of $100,000. Now, even if we disregard defendant's complaint on the score of there being no basis alleged for such valuation, the Statute of Frauds will prevent plaintiff from being entitled to any recovery for the value of oil leases he has sued for. Because, before he could establish any right to recover for the value of any leases on the ranch, he must at least establish that he would have been entitled to such leases in case the well had been drilled. He certainly acquired no such right in virtue of the letters. "Oil and gas in place under land are regarded in law as real estate, and a contract for the conveyance of rights therein falls within the purview of the statute (of Frauds). * * * The tract of land to be affected by the proposed lease was an essential element of description, but not the only one. The character, extent, and duration of the rights to oil and gas in place, which the proposed lease was to acquire, constituted an essential part of the subject-matter of the agreement, and called for means of identification." Fagg v. Texas Co., Tex.Com.App., 57 S.W.2d 87, 89. See MacDonald v. Groneman, Tex. Civ.App., 163 S.W.2d 265; Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703. The specification that the leases were to be on form 88 was not enough. Id.

■ We overrule plaintiff's contention that the Statute of Frauds is not here involved. It prevents plaintiff from asserting any right to any leases on the ranch. So, since he could not have enforced any right to any leases had the well been drilled, he cannot recover any damages based on the plea that the failure to drill the well caused him to lose such leases. And this is so whether defendant had a good title to his ranch or not, and whether his lack of a merchantable title, if it was not merchantable, prevented the drilling of the well. We overrule plaintiff's first point.

■ Plaintiff alleged that, in addition to the leases on the Mercer League, it was agreed with defendant that he, plaintiff, should also acquire leases on 22 other tracts

of land. By his pleading plaintiff seeks to tie such alleged agreement into the consideration he was to receive from defendant for getting a drilling contract. "The rule is that parties to a written contract coming within the provisions of the statute of frauds may not by mere oral agreement alter one or more of the terms thereof and thus make a new contract resting partly in writing and partly in parol, the reason for the rule being that, when such alteration is made, part of the contract has to be proven by parol evidence, and the contract is thus exposed to all the evils which the statute was intended to remedy." (Citing authorities.) Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 626, 118 A.L.R. 1505. Again, "The consideration of the contract must stand upon the same plane as the other provisions of the contract with reference to the conclusiveness and immunity from attack by parol or extrinsic evidence." Bumpass v. Mitchell, 60 Tex.Civ.App. 361, 129 S.W. 194, 196; 22 Corpus Juris, 1171, § 1569; 32 C.J.S., Evidence, § 958.

From what has just been said, it follows that the court correctly held that the allegations of plaintiff's petition were insufficient to present any right of plaintiff to recover.

■ Plaintiff's petition seems to have mingled theories of recovery. One theory being that he performed the services of a real estate broker and earned the agreed brokerage. The other theory being that his action is one for damages for false representations, and under this latter theory he seeks to recover not the actual loss sustained on account of the representations, but the profit that he might have made had the representations been true.

What has been said disposes of the points urged by plaintiff other than his plea of estoppel.

Plaintiff's plea of estoppel is to the effect that defendant had represented to plaintiff that a binding contract had been entered into. The plea does not specify which contract is referred to, whether the contract consisting of the two letters between plaintiff and defendant, or the contract between the Drilling Company and defendant. The allegations are so loosely drawn that either contract could have been intended. Defendant's special exception to the plea is framed upon the belief that the "brokerage" contract was meant. And plaintiff apparently acquiesced in the

court's ruling upon the plea based upon such construction. On appeal, without taking notice of the language of the special exception, which clearly indicates that it was addressed to the "brokerage" contract plaintiff argues the plea upon the basis that the contract referred to was the drilling contract.

■■ It is the duty of the pleader to state facts upon which he relies with such certainty and accuracy as will identify the very transaction on which reliance is based, so as to afford the other party a reasonable opportunity for investigation of such matters with a view of meeting the issue. Negociacion, etc., v. Love, Tex.Civ.App., 220 S.W. 224. Having suffered the court to sustain defendant's special exception No. 8, which is presented on the theory that plaintiff meant the "brokerage" contract, without objection that such contract was not the one he meant, he cannot on appeal adopt a new theory. In other words, the issue of the sufficiency of the pleading, which was tried below upon the theory of the special exception, cannot upon appeal be changed. And plaintiff cannot here be heard to urge that his averments have a meaning different from that upon which their sufficiency was tried below; and this upon special exception.

Since plaintiff does not here make the point that the trial court erred in sustaining the special exception when addressed to the plea upon the only theory taken account of in said special exception (i.e. that the brokerage contract was intended), there is nothing before us for determination on the point, and it must be overruled.

We are not to be understood as implying that the plea, had it been levelled at the drilling contract, would not be vulnerable to a special exception in the nature of a general demurrer. This we do not pass on. But since plaintiff has at no time sought to recover damages for any actual loss of expense or time, we have concluded that there is no reason to remand the cause to permit further amendment. The court correctly sustained the special exceptions urged by defendant, and plaintiff declined further to amend. The court did not err in rendering judgment dismissing plaintiff's petition. Judgment is therefore affirmed.

■ As indicated above, plaintiff prays to have the costs of appeal retaxed. As to the inclusion of plaintiff's original petition in the transcript on appeal, we can-

not, in view of defendant's urging the plea of limitations by way of special exception, hold that said petition was wholly superceded by the petition on which plaintiff went to trial. The file mark thereon shows the date the suit was instituted. But we are unable to see any justification for appellee instructing the clerk to include the other matter complained of by plaintiff. And plaintiff's motion to retax costs of appeal is granted as prayed for, except as to the costs of including plaintiff's original petition in the transcript.

Judgment affirmed.

Motion to retax costs granted as indicated.