**Harry MUMMERT, Appellant,**

v.

**STEKOLL DRILLING COMPANY et al.,
Appellees.**

**No. 15929.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 10, 1961.

Rehearing Denied Dec. 15, 1961.

Martin, Moore & Tackett, Arthur Lee Moore, Fort Worth, for appellant.

Turner, White, Atwood, Meer & Francis, and Dean Carlton, Dallas, for appellees.

DIXON, Chief Justice.

Appellant, Harry Mummert, brought suit against Stekoll Drilling Company and others praying for judgment fully vesting in him a 2% overriding royalty in four described oil and gas leases acquired by one of appellees. The suit is based on a written contract.

Appellees by way of defense assert that the contract is merely an agreement to pay appellant commissions as a real estate broker and dealer, and that appellant is not entitled to recover judgment because at all times material hereto he had neither a valid Texas securities license nor a valid real estate dealer's or broker's license. Art. 600a, §§ 12–20, Vernon's Ann.Civ.St., and Art. 6573a, § 3, V.A.C.S.

In reply to the above asserted defense appellant alleges in his petition and his first three points on appeal that under the terms of the contract his status was that of a joint adventurer with appellees, therefore he is not barred from recovery because he did not have a license as a real estate or a securities broker.

Appellant has appealed from a summary judgment in favor of appellees that appellant take nothing.

It is well settled that neither the real estate brokers' licensing Act nor the securities brokers' licensing Act applies to joint adventurers and transactions between joint adventurers. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 709, 79 A. L.R.2d 1011; Gill v. Smith, Tex.Civ.App., 233 S.W.2d 223, 227. The question then is this: Did the written contract constitute appellant and appellees joint adventurers, as claimed by appellant.

The written contract consists of a letter signed by Marion H. Stekoll and ac-

cepted and agreed to in writing by appellant Mummert. In his amended petition appellant alleges that Marion H. Stekoll was acting for himself and for the use and benefit of all other appellees.

Material portions of the written contract are as follows:

"You represent to Stekoll Drilling Company that you are an experienced land man in the oil and gas industry familiar with the practices of the oil and gas industry and the acquisition of oil, gas and mineral leases.

"Your services are engaged by Stekoll Drilling Company for the purpose herein set forth, *and you are acting in an independent capacity in performing these services and not as an agent and employe of Stekoll Drilling Company.* You agree to attempt to negotiate for the purchase of oil and/or gas leases upon lands located in the United States and elsewhere which are either producing oil and gas or which are considered proven or semi-proven properties. You shall particularly attempt to locate leases which if producing are capable of being developed by additional drilling thereon. You shall submit all prospective deals to the Company and shall furnish the Company with current reports with respect to your activities, the names of the persons with whom you have been negotiating and all such other information which shall come into your possession which will enable the Company to arrive at sound decisions with respect to the material submitted.

"*You shall not have authority, until such time as ever at which specific authority may be conferred upon you by writing, to bind Stekoll Drilling Company to purchase any lease or to expend any monies whatsoever for any purpose, or shall you have any authority to make any contracts or undertakings on its behalf without prior approval of the Company.*

"You shall not be required to devote all of your time to the services mentioned, but it is expected that you will devote approximately 85 to 90 per cent of your time thereto. You shall not purchase for your account any lease without first having submitted same to the Company, and given to the Company the first right of purchase and receive permission from it to purchase same.

"You shall receive a fee of $1,000 per month in the nature of a retainer, effective as of July 1, 1958, for a period of one year from July 1, 1958, ending June 30, 1959; provided, however, that you may at any time within said one-year period at your option terminate this contract upon thirty days written notice to Stekoll Drilling Company. It is further understood that if you do not perform your services diligently in attempting to find leases satisfactory for purchase by Stekoll Drilling Company, then and in such event Stekoll Drilling Company shall have the right to terminate this contract upon thirty days written notice to you.

"In addition to the monthly retainer hereinabove provided you shall also be entitled to receive as an overriding royalty 2 per cent of the interest acquired by Stekoll Drilling Company under any leases purchased by it as a result of your negotiations, which overriding royalty interest will be assigned to you at such time Stekoll Drilling Company acquires its interest in such lease or leases. The overriding royalty interest herein referred to is specifically applicable only to the interest acquired by the Company, and shall be subject to its proportionate part of the same conditions or encumbrances to which the interest of the Company may be subject. Your right to receive the overriding royalty interest herein referred to shall cease at the time your employment terminates, and shall not be applicable to

leases which are purchased after your employment terminates, even though negotions (sic) for their purchase may have occurred prior to or may be pending at the time your employment ceases.

"You shall be entitled to reimbursement for expenses reasonably and necessarily incurred in performing your services hereunder. You shall furnish your own car and shall receive 10 cents per mile while it is used in the performance of the services herein referred to. You shall at all times at your own expense maintain public liability insurance and property damage upon your automobile in limits prescribed by the Company and in which policies Stekoll Drilling Company shall be named as a party protected and insured by such policies." (Emphasis ours).

After studying the terms of the written contract together with legal authorities bearing on the subject, we have concluded that the contract did not make appellant and appellees joint adventurers.

Among the authorities which must control our decision is the case of Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 709, 59 A.L.R.2d 1011. We quote from the opinion of our Supreme Court in that case:

"To constitute a joint adventure there must be a community of interest and participation in the profits. It is in the nature of a partnership engaged in the joint prosecution of a particular transaction for mutual profit. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307.

"For a joint adventure to exist there must be a community of interest both as to the profits and losses, if any. It is said in Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716, that whether or not such relationship exists generally depends upon the intention of the par-

ties. In that case the relationship was held not to be a joint adventure or partnership. The contract did not authorize either party to create any liability to third parties which would have been binding on the other. The relationship being in the nature of a partnership, losses must be shared as well as profits.

"In our case, if there was a community interest it could be said to exist only in that the petitioner as well as the respondents alike invested their funds. Each was to be repaid the amount of his loan. But, in addition thereto, and as a consideration for making the loan, each was to receive his pro rata amount of the stock in Industrial Ores de Mexico. Each was at liberty to sell, dispose of, or hold that stock, as he saw fit. * * * In our case it would have been possible, through the sale of the stock in Industrial Ores de Mexico, for the several investors to realize a profit in varying amounts, depending upon the time of sale of the stock. * * * We conclude, therefore, that the elements of joint adventure are not present in this case."

See also Harris v. Cleveland, Tex.Civ.App., 294 S.W.2d 235; 25 Tex.Jur. 161; 48 C.J.S. 809; and 30 Am.Jur. 949, 957.

Analysis of the contract in the instant case discloses that the following necessary elements of a joint adventure are missing:

(1) There is no mutual right of control. In fact appellant by the express terms of the contract was precluded from binding appellees "to purchase any lease or to expend any monies whatsoever for any purpose, or shall you have any authority to make any contracts or undertakings on its behalf without prior approval of the Company."

(2) There is no community of interest such as is required of joint adventurers. There is nothing in the contract to pro-

hibit appellant, once he acquired the 2% overriding interest, from selling it, disposing of it, or holding it as he saw fit independently of appellees.

(3) There is no duty to share losses. Appellant was to be compensated for his time and expenses regardless of how much loss appellees may eventually have suffered. The overriding royalty interest was a bonus commission.

(4) There is no right to share profits as principals. It would have been possible for appellant or appellees to realize profits in varying amounts, depending upon the time appellant sold his interest or appellees sold their interest.

Appellant's first three points on appeal are overruled.

■ In his fourth point on appeal appellant says that the contract on which he sues makes him an employee of appellees, therefore the licensing acts do not apply.

We do not agree with appellant. The contract gives appellees no right of control over the details of appellant's work. The contract expressly provides that appellant is to act "in an independent capacity." It provides also that he need not devote all his time to the services mentioned, and that he shall not have authority to bind the Company. Such an arrangement does not create an employer-employee relationship. Great Western Drilling Co. v. Ray Simmons, 157 Tex. 268, 302 S.W.2d 400. Appellant's fourth point is overruled.

■ Appellant's fifth point is to the effect that he is entitled to recover the 2% overriding interest under a constructive trust created by the unlawful and wrongful repudiation of appellant's rights under the contract. In support of this contention appellant cites us to the case of Omohundro v. Matthews, Tex., 341 S.W.2d 401. In the cited case our Supreme Court held that a constructive trust is used to adjust rights between partners and between joint ad-venturers. Obviously the holding has no application here. Appellant and appellees were not partners. Neither were they joint adventurers, as we held in overruling appellant's first three points. Appellant's fifth point is overruled.

We agree with appellees that the contract sued on provides for the payment of a real estate dealer's commission to appellant and since he did not have a real estate dealer's license, he is barred from recovering the commission.

The judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.