**C. D. ALLEN, Appellant,**

**v.**

**W. H. SORENSON et al., Appellees.**

**No. 6735.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 28, 1965.

Rehearing Denied March 11, 1965.

Motion for Rehearing Overruled April 7, 1965.

George Sladczyk, Jr., Port Arthur, Orgain, Bell & Tucker, Beaumont, for appellant.

Butler, Binion, Rice & Cook, Houston, Keith, Mehaffy & Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This suit was brought to recover commissions due under a contract. Defendant W. H. Sorenson was granted a summary judgment. Plaintiff C. D. Allen brought suit against defendants, W. H. Sorenson and H. Curtis Plumly, Jr., upon the following contract.

"Oil Producer

H. CURTIS PLUMLY, JR.
415 American National Bank Building
Beaumont, Texas
October 23, 1957

Mr. C. D. Allen
Allen Drive
Beaumont, Texas

Dear Mr. Allen:

Please consider this letter as authorization for you to act as agent for the partnership of Plumly and Sorenson to purchase all lands owned by the McFaddin interests in the Port Acres area.

We offer you one hundred dollars per acre for approximately 914 acres and agree to assign to you a 1/64 overriding royalty under the entire tract for acting as a broker in this transaction.

Yours very truly,

/s/ H. Curtis Plumly, Jr.

H. CURTIS PLUMLY, JR."

Plaintiff alleged that defendants were partners or, in the alternative, that defendants were engaged in a joint venture. Plaintiff further alleged that he had performed his part of the agreement by procuring certain oil and gas leases and was entitled to recover a commission and overriding royalty.

The controlling point in this case is to determine whether a person must be licensed under the Real Estate License Act in order to recover commissions for procuring oil, gas and mineral leases. It is undisputed that plaintiff was licensed under the Securities Act and not under the Real Estate License Act.

Article 6573a, Vernon's Ann.Civ. St., is designated as "The Real Estate License Act". This act provides that it is unlawful to engage in certain businesses without a license under this act. Section 4 subd. 1(a) and (b) include the rental or leasing of real estate. Section 19 provides that no action may be brought for the collection of compensation without alleging and proving that the person performing the brokerage service was licensed under this act. It is

well settled in this state that oil and gas beneath the soil are considered a part of the "realty". It is also clear that under the law of this state the procuring of an oil and gas lease comes within the provisions of the Real Estate License Act. Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377.

■ The only question left to determine is whether a person having a license under the Securities Act is exempt under the Real Estate License Act. This was the law prior to the 1955 Amendment to the Real Estate License Act. One of the exemptions prior to 1955, under the Real Estate License Act, was a person who had secured a license under the Security Act. When the Real Estate License Act was amended in 1955 this exemption was omitted. It is clear that a license under the Real Estate License Act is required in order for plaintiff to recover in this case. Mummert v. Stekoll Drilling Co., Tex.Civ.App., 352 S.W.2d 526.

■ This court is not holding that plaintiff was required under the law to have a license under both the Real Estate License Act and the Security Act. It is unnecessary to decide whether or not the requirement of licenses under both Acts would be unconstitutional. The procuring of the original leases, as alleged by plaintiff, did not involve the sale of securities. The original leases were not "securities". Culver v. Cockburn, Tex.Civ.App., 127 S.W.2d 328; Herren v. Hollingsworth, Tex., 140 Tex. 263, 167 S.W.2d 735.

■ Plaintiff also contends that the trial court erred in granting the motion for summary judgment because plaintiff had alleged that he was entitled to recover upon the theory of "constructive trust". The contract in this case did not make plaintiff and defendant joint adventurers. Brown v. Cole, Tex., 155 Tex. 624, 291 S.W.2d 704. The principal case relied upon by plaintiff to support his position as to "constructive trust" is Omohundro v. Matthews, Tex., 161 Tex. 367, 341 S.W.2d 401. The

Supreme Court held that a constructive trust was used to adjust rights between partners and between joint adventurers. This rule has no application to this case. Mummert v. Stekoll Drilling Co., supra. The point is overruled.

Affirmed.

## Concurring Opinion On Motion for Rehearing

PARKER, Justice.

The real estate license was the one and only license appellant was required to have under the facts in this case. Neither the trial court nor this court held that Texas law required plaintiff to have two licenses, one under The Securities Act and the other under the Real Estate License Act, in order to recover a commission for services rendered as a broker. Not having held that two licenses were so required, this court pretermits discussion of the constitutional question that the plaintiff urges only in the event this court should construe the statutes as requiring plaintiff to have licenses under both acts in order to recover against defendant.

■ This court recognizes that: "[A] business relationship not meeting the legal standards of a partnership or joint venture or any other legal relationship giving it a technical fiducial character may yet be such a confidential relationship as to impose fiducial duties and obligations upon the parties to it." Thigpen v. Locke, 363 S.W.2d 247 (S.Ct.1962); MacDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334; Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256 (S.Ct. 1951) and authorities cited in such opinions. Plaintiff had no pleadings of fact bringing plaintiff under the principles of constructive trust under any theory.

■ Taking the allegations of fact contained in plaintiff's petition as true, he failed to plead facts raising the issue of construc-

tive trust. In appellant's motion for rehearing, it is stated:

"In plaintiff's amended petition it was alleged that in October, 1957, *H. Curtis Plumly, Jr. and the defendant, W. H. Sorenson, were in partnership* and that the partnership, acting through H. Curtis Plumly, Jr., agreed in writing with the plaintiff that they would assign to plaintiff a 1/64th overriding royalty for his assistance in obtaining an oil, gas and mineral lease for the partnership. Plaintiff alleged that he had done everything required of him and that a commitment was obtained and leases were actually prepared whereby the lands were to be leased 'to H. Curtis Plumly, Trustee.' It was then alleged that after such commitment had been obtained and the leases so prepared in the name of H. Curtis Plumly, Trustee, that the defendant, W. H. Sorenson, 'in an attempt to defeat plaintiff's rights' and to deprive him of his 1/64th overriding royalty, had the leases changed by substituting the name of W. H. Sorenson, Trustee, for that of H. Curtis Plumly, Jr., although he, the said Sorenson, had not participated or assisted in any way in obtaining the commitment for the leases or in the preparation thereof. It was further alleged that Sorenson, after taking the leases in his name as Trustee, then 'reserved unto himself a 1/64th overriding royalty, which was the 1/64th overriding royalty which plaintiff was entitled to receive for his services.' Based upon such facts, plaintiff alleged that he was entitled to have a trust impressed upon said leases and the 1/64th overriding interest which Sorenson had reserved for himself, after having obtained the leases initially in his name as Trustee by the substitution of names as above set forth." (emphasis added)

The agreement in writing is the letter of October 23, 1957, set forth in the original opinion. This letter plainly makes plaintiff a real estate broker, nothing else. From the letter and such pleadings, it appears that plaintiff sues for the payment of a real estate dealer's commission without a license, for which reason plaintiff cannot recover. Plaintiff has neither claimed nor pleaded any facts bringing him under the provisions of the Supreme Court cases on constructive trust above mentioned and/or as set forth in plaintiff's motion for rehearing. Otherwise, plaintiff's motion for rehearing calls for no further clarification.

Appellant's motion for rehearing is denied and overruled.