**John DRACOPOULAS et al., Appellants,**

**v.**

**Henry PIXLEY et al., Appellees.**

**No. 4504.**

Court of Civil Appeals of Texas.

Waco.

June 16, 1966.

Rehearing Denied July 7, 1966.

William Andress, Jr., Dallas, for appellant John Dracopoulas.

Cervin & Stanford, Dallas, for appellants Bell & Rachal.

Richard S. Chambers, Dallas, for appellee Pixley.

## OPINION

WILSON, Justice.

Plaintiffs Bell and Rachal, licensed real estate brokers, sued Dracopoulas for real estate dealers' commissions. After a jury verdict, judgment was rendered for plaintiffs against defendant Dracopoulas. We affirm.

Dracopoulas signed a 60-day exclusive listing contract to sell his property on March 17, 1962, by which he agreed to pay a commission. Dracopoulas refused to sign an extension of this agreement, but the jury found he orally extended the effective date before the term of the written agreement expired.

Dracopoulas urges that the oral extension of the term of the contract is invalid because the agreement was originally required by Art. 6573a, Sec. 28, Vernon's Ann.Civ. St., the Real Estate Dealer's Licensing Act, to be in writing.

The position of Dracopoulas is that where a contract is required to be in writing under the statute of frauds, no essential term may be modified by parol, with the possible exception of extensions of time made before expiration of the contract period.

There is language in certain cases apparently announcing or supporting the view that where a contract is required by the statute to be in writing, and the contract as written covers the entire agreement, no parol modification, except extensions before expiration, will be permitted. The reason usually given is that to permit such alteration of one or more terms is to "make a new contract resting partly in writing and partly in parol."[1]

---

1. Parks v. Underwood, Tex.Civ.App., 280 S.W.2d 320, 323, writ ref. n. r. e.; Dickey v. Bird, Tex.Civ.App., 366 S.W.2d 859, 863, writ ref. n. r. e., (cf. Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160, 165, writ ref. n. r. e., and Davis v. Freeman, Tex.Civ.App., 347 S.W.2d 650, 654, no writ); Herren v. Hollingsworth, Tex. Civ.App., 188 S.W.2d 706, 710, writ ref. w. o. m.

It is uniformly held in Texas that an oral agreement to extend the time of performance of a contract such as this, required by the statute of frauds to be in writing, is enforceable if the oral agreement is made before time for performance expires. Bullis v. Noyes, 75 Tex. 540, 12 S.W. 397, 402; Watkins v. Arnold, Tex. Civ.App., 60 S.W.2d 476, 477, writ ref.; Davis v. Freeman, Tex.Civ.App., 347 S.W. 2d 650. See Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 164 S.W.2d 488, 491.

The question of whether verbal modification of other specific contractual provisions (as distinguished from the entire contract) not required by the statute of frauds to be in writing is valid was first raised in Texas by Judge McClendon in Kistler v. Latham, Tex.Com.App., (1923) 255 S.W. 983, 984. He thought the problem was not free from difficulty and speculated on its solution, but concluded decision was unnecessary. In Robertson v. Melton, Tex. Com.App., (1938) 131 Tex. 325, 115 S.W.2d 624, 627, 118 A.L.R. 1505, Judge Smedley, writing for the Commission, also found it not necessary to decide whether the general prohibition of parol modification should be qualified "in respect to some term which might have been omitted or which might have rested originally in parol." We find no authoritative decision holding contractual terms in the latter quoted category may not be altered by parol.

The question was settled, however, in Garcia v. Karam, (1955) 154 Tex. 240, 245, 276 S.W.2d 255, 257, 258. Justice Smith noted that Texas had adopted no statute prohibiting subsequent oral modification of a contract required by the Statute of Frauds to be in writing, and observed that if the consideration in a contract for sale of realty had been altogether omitted, it could validly have been supplied by oral agreement. So, it was said, would be an oral agreement to transfer merchandise without an invoice as required by the written contract, because only the method of performance—not the subject matter—was changed. The Supreme Court adopted the rule that where "the statute of frauds does not require agreements in relation to" the subject modified by parol to be in writing, and the parol modification would otherwise be enforceable, "its validity is not affected, although it is incident to a written contract which concerns a subject that the law requires shall be in writing". Kistler v. Latham and Robertson v. Melton were distinguished.

Art. 6573a, Sec. 28, V.A.C.S. provides that no action shall be brought to recover a commission for sale of real estate unless the promise or agreement *"upon which action shall be brought"* is in writing and signed by the party to be charged. Dracopoulas argues that the oral extension of the contract term is not effective because the oral agreement went further, changing the exclusive listing to a general non-exclusive agency, and extinguishing the original expiration date without specifying a new one. These collateral incidents of the written contract are not promises or agreements "upon which action" is brought, and are therefore not themselves required by the statute to be written. Their alteration by oral agreement is valid.

Point 3 of Dracopoulas concerning variance between pleading and proof is not assigned in his motion for new trial, nor previously preserved. It is waived. His other points, including that concerning insufficiency of evidence, have been considered and are overruled.

Affirmed.