### ANDERSON v. BREEDING et al.

No. 12346.

Court of Civil Appeals of Texas. Galveston.

Jan. 17, 1952.

Rehearing Denied May 29, 1952.

Second Motion for Rehearing Refused July 10, 1952.

K. C. Barkley and Stanley C. Woods, of Houston, for appellant.

M. C. Chiles, R. E. Morse, Jr., Thomas B. Weatherly, Vinson, Elkins & Weems, Houston, for appellees Hydrocarbon Production Co. and others.

Hutcheson, Taliaferro & Hutcheson, Houston, for S. W. Breeding and Marshall H. Stone.

Wm. E. Loose, Denman Moody, Baker, Botts, Andrews & Parish, all of Houston, for W. C. Kneale and the Texas Co.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County, sustaining the motion of the appellees therefor, who were the defendants below, and rendering a summary judgment against the appellant here, who was the plaintiff below, and ordering that he take nothing by reason of this suit against appellees.

The appellant thus, in material substance, recites the nature of his suit, as well as the ground upon which the court's summary judgment against him was rendered. His suit was three-pronged in character, to-wit:

(1) "* * * to recover damages for wrongful conspiracy to defraud plaintiff of earned compensation for services performed by him resulting in the sale of certain oil and gas properties owned by the estate of Rogers Lacy, deceased; * * *"

(2) "to recover damages for breach of a written contract to compensate Plaintiff for his personal services;" and

(3) "to recover damages for the wrongful conversion and breach of trust in regard to confidential data, information, and reports compiled and accumulated by Plaintiff and delivered to Defendant, The Texas Company, for limited purposes."

In turn, the grounds of the motion for a summary judgment so sustained, were these:

(1) Plaintiff was not licensed as a Real Estate Dealer, under Art. 6573a, Vernon's Texas Civil Statutes, 1948; nor

(2) was he licensed as a Securities Dealer, under Art. 600a, Vernon's Texas Civil Statutes, 1948.

The first of the cited statutes has to do with the licensing of "Real Estate Dealers", whereas the second one relates to the licensing of "Security Dealers."

Insofar as Texas decisions are concerned, appellant relies mainly upon this Court's holding in Culver v. Cockburn, Tex.Civ.App., 127 S.W.2d 328, error dism.; whereas, the appellees, contending that Culver v. Cockburn has no application to this controversy, insist that both the "Real Estate Act," and the "Securities Act," so cited, not only precluded any recovery by the appellant, but that the decided cases in Texas did likewise, citing in that connection, among others, these Texas holdings: Cosner v. Hancock, Tex.Civ.App., 149 S.W.2d 239, error dism.; Dickson v. Kelley, Tex.Civ.App., 193 S.W.2d 256; Fowler v. Hults, 1942, 138 Tex. 636, 161 S.W.2d 478; Furman v. Keith, Tex.Civ. App., 226 S.W.2d 218, error ref.; Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585; Highwaymen's Case (Everet v. Williams, Ex. (1725), 9 L.Q.Rev. 197 (1893); Kadane v. Clark, 135 Tex. 496, 143 S.W. 2d 197, reversed, Tex.Civ.App., 134 S.W. 2d 448; Lack v. Borsum, D.C., 44 F.Supp. 47; Sibley v. Coffield, Tex.Civ.App., 193 S.W.2d 239, error ref. N.R.E.; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Stroble v. Tearl, 148 Tex. 146, 221 S.W. 2d 556.

The parties stipulated in the record that appellant was not licensed as a real estate dealer, salesman, or agent, under the Real Estate Dealers License Act—cited Article 6573a—nor was he licensed as a securities dealer, salesman, or agent, under the Securities Act, cited Article 600a.

While the parties thus filed below the stipulated agreement as to the stated facts, they diverged somewhat therefrom in applying such facts to their legal arguments in their briefs; for instance, the appellees, in their brief, make this statement: "Far from being 'an isolated transaction' as is inferred in appellant's brief, the record shows that appellant had been dealing in the sale of real estate and oil and gas leases for over ten years." Such statement is error, since both the pleadings and the record show that such activities during the 10 year period upon appellant's part had been in the purchase of leases and mineral interests and lands for the account of The Texas Company only, and never on his own account. Further, the appellees appear to flatly deny the appellant's allegations and evidence as to how the sale was finally made—that is, as to whether the leases affected had been the property of the Rogers Lacy estate, and as to whether the deed thereto had been executed by Lawson Lacy, as executrix of the estate of Rogers Lacy, deceased.

In view of Sec. 3, (a) and (c), of Vernon's Texas Civil Statutes, Article 6573a, and Sec. 3, Exempt Transactions, (a) and (c), Vernon's Texas Civil Statutes, Article 600a, under the pleadings and the testimony, at least offered by the appellant, upon these features, it is held that the most that could be concluded from them is that issues-of-fact thereon were raised by the pleadings and evidence. Lawson Lacy did execute the deed as such executrix, and there was also testimony to the effect that, while parts of the lands characterized in the dealings between the appellant and the appellees stood on the records in the names of other members of the Lacy families, such lands belonged to the Rogers Lacy estate, in fact.

In view of the limitations of the court's judgment to its single holding that the summary judgment ordered was required because the appellant had so declared himself to be neither a licensed Real Estate Dealer, nor a licensed Securities Dealer, it is deemed beyond the requirements to further go into the ramifications of the record brought here, upon the other features of the controversy.

This Court is constrained to hold that the trial court's judgment so grounded was in error, and that questions-of-fact as to at least one genuine issue, material to a recoverable cause of action against at least one, or more, of the appellees, was raised; if so, under our statute,—that is, Rule 166A, and the summary judgment law, upon which it is based,—a reversal is required. Rule 166A, T.R.C.P., and McDonald on Texas Civil Practice, Vol. 4, page 1379, par. 17.26, and footnote-cited authorities.

The appellant, at length, set out in his trial pleadings, the entire course of the transactions and the allegedly recoverable damages upon which he sued, as a result thereof, under his three grounds of action, as quoted from his pleadings, supra; pursuant thereto, he sued all the appellees here, outlining their relationships toward the transactions, and severally declaring against them, his claimed right of action for damages inuring to him from the violation of their several obligations thereunder; he averred that for eight months, at least, in pursuance of the written contract between himself and the appellee S. W. Breeding, upon which he declared, that Breeding and the other appellees, Marshall H. Stone, Howard S. Cole, W. C. Kneale, The Texas Company, a corporation, Hydrocarbon Production Company, a corporation, and Columbian Carbon Company, a corporation, had wrongfully appropriated his services, to their own enrichment, thereby damaging and depriving him of his rightfully-earned commission under the contract between himself and Breeding.

As indicated, it is held that he was not precluded from all recovery against each and all of the parties he sued by such invocation of the Real Estate Dealer and the Securities Dealer statutes, R.S. Articles 6573a and 600a, against them. The judgment will therefore be reversed and the cause remanded to the trial court for trial upon the facts.

470

On Appellees' Motion for Rehearing.

In their motion for rehearing, and their arguments thereunder, the Appellees thus reply to this Court's summary, in its original opinion, at the middle of page one, thereof, wherein there is set out the three-fold-character of the Appellant's claim for damages against the Appellees.

"(c) The only other possible argument which could be gleaned from this portion of Appellant's Supplemental Reply is his mention of 'confidential data'. This matter was discussed at Page 12 of Appellees' Motion for Rehearing, wherein it was pointed out that Appellant nowhere in his pleadings claims to have owned or been responsible for the original procuring of any confidential data concerning any of the property in question. It certainly appears to be a fair inference from all Appellant's pleadings that he knew nothing about the Lacy property and had had nothing to do with it prior to being contacted by Breeding, who apparently, according to Appellant's pleadings, furnished him with such information as Appellant had to exhibit to The Texas Company. If Appellant had any private or confidential information concerning this property, he does not make such a claim in his pleading, and hence we cannot here be concerned with it."

In this position, the Appellees are deemed to be mistaken, as is evidenced by the attached copy of Appellant's Original Petition, setting out his damage claims, which is hereto attached, marked "Exhibit A", and made a part hereof.

Under the Appellant's pleadings, therefore, it would seem to this Court that the data which he so alleged he accumulated and put into the hands of the Appellee The Texas Company, constituted private property of his own; if so, that Appellee certainly could not convert such property to its own use, there apparently being no reason why it should not be held accountable to him therefor, in the circumstances he declares upon.

Without returning to a discussion of whether or not the Appellant's declared-upon cause came within one of the exemptions of the Real Estate Act, the holding that he raised issues-of-fact over whether or not he was entitled to any element of the damages he so declared upon, is reiterated. The motion for rehearing will be refused.

## EXHIBIT "A"
"* * *
### "III.

"That, on or about the month of February, 1949, the Defendant Breeding contacted the Plaintiff to submit the Lacy properties in Hidalgo and Cameron Counties, State of Texas, to The Texas Company, Houston, Texas, and Defendant Breeding orally agreed to compensate Plaintiff in the amount of Fifty Thousand and No/100 ($50,000.00) Dollars, if a sale of said properties was consummated with defendant, The Texas Company; That the Plaintiff, thereupon, contacted the Defendant, The Texas Company, and, for a period of four (4) months, or longer; Plaintiff worked with Defendant—The Texas Company— for the purchase of the Lacy properties; that Plaintiff, upon the request of Defendant, The Texas Company, furnished the said company the necessary confidential-data for making valuation-reports and also carried on negotiations for the purchase of said properties by The Texas Company, or a company to be formed solely for the purpose of holding title to the Lacy-properties, and which title was eventually to inure to the benefit of The Texas Company.

### "IV.

"That, on or about the 24th day of June, 1949, the Plaintiff and Defendant S. W. Breeding, entered into a signed and written contract, a copy of which is appended herewith, and marked 'Exhibit A', the terms of which provided for Defendant Breeding to compensate the Plaintiff, if a sale of Lacy properties in Hidalgo and Cameron Counties was consummated with, The Texas Company.

### "V.

"The agreed-consideration of said contract provided that Plaintiff was to receive a Thirty-five Thousand and No/100 ($35,000.00) Dollars commission, if a sale of

said properties was consummated with The Texas Company; that Plaintiff completed his part of the contract by contacting the officials of The Texas Company and furnishing said company, upon its request, the necessary reports and data affecting the aforementioned properties; that the Defendant The Texas Company, after several months of investigation, declined the offer of sale of said properties, and, thereupon, said company, by and through one of its officers, the said Defendant, W. C. Kneale, offered the transaction in toto to defendant Howard S. Cole, a former officer of The Texas Company, and who is employed by The Texas Company through the Cole Drilling Company, of Venezuela, furnishing the latter with information the Plaintiff made available to Defendant, The Texas Company; that Defendant Cole joined with the Columbian Carbon Company, to purchase the Lacy properties, and that the purchase of said Lacy properties by said Defendants Cole and Columbian Carbon Company was based on valuations of reserves and other confidential-data furnished to the said Cole and Columbian Carbon Company by the said Defendants W. C. Kneale and The Texas Company, and said purchase was induced by the possession of such confidential data, and not otherwise; that said reserve-valuations of Defendant—The Texas Company—were greatly in excess of valuations of reserves made by other and independent engineers, which said independent engineers' valuations did not support the price which the Lacys were trying to secure for said properties, and, as a consequence thereof, induced the Defendants Cole and Columbian Carbon Company to purchase said Lacy properties, and the purchase of these said properties were from valuations made by The Texas Company, which were based upon the confidential-data furnished and procured for said company by the Plaintiff; that, for the purchase of said properties, it was agreed between Defendants Howard S. Cole and Columbian Carbon Company, that the Hydrocarbon Production Company should be formed to acquire title to the said properties, and the Columbian Carbon Company was to furnish the funds, and the said Cole was given a one-year option to purchase one-half interest in the said properties; that the Defendant, Columbian Carbon Company, and/or Hydrocarbon Company, paid Defendants Breeding and Stone $100,000.00 for services rendered in the purchase of said properties by the Hydrocarbon Company.

"That because Plaintiff was a procuring-cause for the sale of the Lacy properties, and the Defendant Breeding has failed and refused to compensate the Plaintiff, under the terms of the said contract, such breach of contract has caused said Plaintiff to suffer actual damages in the amount of $35,000.00.

## "VI.

"Plaintiff further states that the Defendants Breeding, Stone, Kneale, The Texas Company, Columbian Carbon Company, and the Hydrocarbon Company, fraudulently and maliciously conspired to defraud the Plaintiff of his contractual-profits by having The Texas Company furnish the necessary data affecting the aforementioned properties to Defendant Cole, who joined with the Columbian Carbon Company to purchase said properties; that Plaintiff furnished such information and data to The Texas Company, with the understanding that such information of said properties be kept confidential, and said company breached its agreement with Plaintiff to keep such data confidential, and also breached the custom and usage of the oil-industry affecting transactions of this nature, by making available to Defendants Cole and The Columbian Carbon Company the reports of said Plaintiff.

## "VII.

"That, by reason of the Defendants' fraud, deceit, connivance and fraudulent intent to defraud said Plaintiff, and breach of the custom and usage in transactions of this nature in the oil industry, Plaintiff has been further damaged in the amount of $100,000.00."