S. W. BREEDING ET AL V. GEORGE H. ANDERSON.

No. A-3805.  Decided January 21, 1953.
Rehearing overruled February 18, 1953.
(254 S. W. 2d Series 377)

*M. C. Chiles, R. E. Morse, Jr.,* and *Thomas B. Weatherly,* of *Vinson, Elkins & Weems,* of Houston, for Hydrocarbon Production Company, Columbian Carbon Company and Howard S. Cole; *Palmer Hutcheson, Jr.,* of *Hutcheson, Taliaferro & Hutcheson,* of Houston, for S. W. Breeding and Marshall Stone; *Wm. E. Loose, Denman Moody,* and *Curtiss Brown, Baker, Botts, Andrews & Parish,* all of Houston, for W. C. Kneale and The Texas Company, petitioners.

The Court of Civil Appeals erred in holding that proper entry of a summary judgment in this case was prevented by a possible fact issue arising under two exemption provisions of the "Real Estate Dealers Act," as the facts as alleged by plaintiffs, even if taken as true, would not bring him within the terms of such exemptions. Kadane v. Clark, 135 Texas 496, 143 S.W. 2d 197; Furman v. Keith, 226 S.W. 2d 218; Casner v. Hancock, 149 Texas 239.

*Stanley C. Woods,* of *Barkley & Woods,* of Houston, for respondent.

In support of the judgment of the Court of Civil Appeals cited Podolski v. Stone, 186 Ill 540; Zwick v. Cataveris, 331 Ill. 240, 162 N.E. 869; Garlick v. Imgruet, 340 Ill., 136, 172 N.E. 164.

Mr. Justice Griffin delivered the opinion of the Court.

In this case respondent Anderson, as plaintiff, brought a suit in a district court of Harris County, Texas, against S. W. Breeding, Marshall H. Stone, Hydrocarbon Production Company,

Columbian Carbon Company, Howard S. Cole, W. C. Kneale and The Texas Company, petitioners herein, and who were defendants in the trial court. The parties will be referred to as they appeared in the trial court. Plaintiff in his answer to the application for writ of error states that his cause of action was a three-pronged affair as follows:

"(1) To recover damages for wrongful conspiracy to defraud plaintiff of earned compensation for services performed by him resulting in the sale of certain oil and gas properties owned by the estate of Rogers Lacy, deceased.

"(2) to recover damages for breach of a written contract to compensate plaintiff for his personal services; and,

"(3) to recover damages for the wrongful conversion and breach of trust in regard to confidential data, information and reports compiled and accumulated by plaintiff and delivered to defendant, The Texas Company, for limited purposes."

The pleading, less the formal parts, is set out as Exhibit A and attached by the Court of Civil Appeals to its opinion on rehearing. 250 SW 2d 467. A reading of the allegations contained in paragraph III through V of said pleading shows, beyond any question, that such allegations seek to recover a commission of $35,000.00 from all defendants, because plaintiff Anderson was the procuring cause of the sale of the Lacy's oil and gas leases and other mineral properties to Hydrocarbon Company and defendant, Cole. The petition does not allege that plaintiff Anderson had a license either as a real estate broker, as provided in Article 6573a, Vernon's Annotated Civil Statutes of Texas; or as a salesman or dealer in securities as is provided in Article 600a, Vernon's Annotated Civil Statutes of Texas. Plaintiff and defendant entered into a stipulation that at all times material hereto, plaintiff, George H. Anderson, was not licensed as a Real Estate Dealer, Salesman, or Agent under the Real Estate Dealers' License Act, Article 6573a, Texas Revised Civil Statutes, nor as a securities Dealer, or Salesman, or Agent, under the Securities Act, Article 600a, Texas Revised Civil Statutes.

After filing their answers in which exceptions were made to plaintiff's pleadings for failure to allege he was duly licensed, and issue being joined by a general denial, the defendants filed a motion for summary judgment on the following grounds: (1) that plaintiff Anderson "was not licensed as a Real Estate Broker under Article 6573a, nor as a securities dealer, salesman or agent under Article 600a, Texas Revised Civil Statutes"; (2) this is

a suit by plaintiff to recover a commission for alleged efforts of plaintiff in assisting in the sale of real estate, and oil, gas and mineral leases, and the stipulation reveals plaintiff had no license; (3) that plaintiff could not legally recover any commission or compensation because he had no license. Plaintiff Anderson filed his answer to said motion wherein he first files a general denial, then resists the motion for summary judgment on the ground that he comes within the terms of Subsections (a) and (c) of Section 3, Article 600a; also that since Article 600a governs plaintiff's dealings, Article 6573a does not apply as is provided in Section 3, Subsection (c) of said last mentioned article. Plaintiff filed an affidavit opposing such motion and attached to it his affidavit Exhibit A, which was the sale contract between the Lacys and Hydrocarbon Production Company, Inc. This contract is for the sale of oil and gas leases and mineral properties, together with the machinery, appurtenances, easements, etc. necessary to produce such minerals, and four tracts of real estate. The affidavit sets out the negotiations between Breeding and plaintiff wherein Breeding informed plaintiff that the properties to be sold for $5,100,000.00 in truth belonged to the Roger Lacy estate, although title was held in various names. The affidavit further states that Breeding represented to affiant plaintiff that he had authority from the Lacys to sell these properties for such sum; and that Breeding and affiant agreed that if plaintiff sold the properties to The Texas Company, Breeding would pay affiant $35,000.00 as commission. Affiant denies that he has been engaged in selling securities under Article 600a, or real estate under Article 6573a, Texas Revised Civil Statutes; but says he has bought leases and mineral interest and land exclusively for The Texas Company for more than ten years previous to filing the affidavit, and with funds supplied wholly by The Texas Company. The affidavit is silent as to any breach of trust or confidence on the part of The Texas Company, (or any of the defendants), in the purchase of the Lacy properties by Cole, Columbian Carbon Company or the Hydrocarbon Company.

There can be no question but that the cause of action which plaintiff Anderson asserts against all defendants for a commission, earned compensation for services, or conspiracy to defraud him of either, is such a transaction as to come under the ban of Article 600a, Section 33b, and Article 6573a, Section 13, which prohibits recovery of a commission, or compensation for services rendered in making sales of securities or real estate, unless the party bringing the action alleges in his pleadings and makes proof that he has a license issued by the proper authority. Plain-

tiff's answer to this is to claim he is exempt by virtue of Section 3(a) and (c) of Article 600a and Section 3(c) of Article 6573a. Sections 3(a) and (c) of Article 600a provide that the provisions of the Act shall not apply under any of the following transactions or conditions:

"* * * (a) At any judicial, executor's, administrator's, guardian's or conservator's sale, or any sale by a receiver or trustee in insolvency or bankruptcy.

* * *

"(c) Sales of securities made by, or in behalf of a vendor in the ordinary course of bona fide personal investment of his personal holdings, or change of such investment, if such vendor is not otherwise engaged either permanently or temporarily in selling securities; provided, that in no event shall such sales or offerings be exempt from the provisions of this Act when made or intended, either directly or indirectly, for the benefit of any company or corporation within the purview of this Act."

* * *

Subsection (a) above excludes sales made by executors, administrators, etc., but it does not exempt dealers or salesmen who make sales or offer securities for any of those named exempt persons. Subsection (c) excludes "owners" of securities from coming within the definition of a "dealer" as set out in the Act. We think the language used by the Court of Civil Appeals in the case of Sibley v. Coffield, Texas Civ. App., 193 S.W. 2d 239, writ refused, n. r. e., is particularly applicable, and exactly fits our present situation:

"Several court decisions have construed either Sec. 3(c) or Sec. 33b, or both of them together, and hold in substance that even if, in fact, an owner or seller of stock or security were exempt from obtaining a dealer's license and from registering such stock or security, and even if in fact the sale or offer to sell by such owner or seller is made in the ordinary course of a bona fide sale, such facts do not exempt or relieve a person employed to aid the owner or seller in making or offering the stock or security for sale from registering and obtaining a license as a 'dealer' or 'broker', as required by Sec. 2(c) of the Act, before he can collect a commission or compensation for such services; or sue therefor in the courts."

The facts of this case do not show an executor's or administrator's etc. sale, and if they did, plaintiff, being neither an executor nor an administrator, must be licensed before he can maintain a suit for recovery of commission or other compen-

sation for his services. The same reasoning applies to plaintiff's claimed exemption under Article 600a, Section 3(c). He was not the owner of the securities he was offering for sale; therefore, he must have a license.

■ Plaintiff's affidavit and answer can also be construed as a contention that he was not required to have a license because these negotiations constituted an isolated transaction. This court in Gregory v. Roedenbeck, 141 Texas 543, 174 S.W. 2d 585, directly disposes of this contention by saying: "We further hold that the performance for compensation of *one act* by a person, in connection with the procurement of a prospect for the sale or purchase of real estate, constitutes such person performing the act a real estate dealer within the meaning of the Real Estate Dealers' License Act, * * *" and, therefore, we held no recovery by an unlicensed dealer. We cited the case of Cosner v. Hancock, Tex. Civ. App., 149 S.W. 2d 239, writ dismissed, correct judgment, as authority for such holding. That case applied the same reasoning to one dealing in securities. It is settled law that one engaging in a single or isolated transaction is not exempt from securing a license. Under plaintiff's pleadings and his affidavit, he was a dealer in securities as that term is defined by Article 600a. Kadane v. Clark, 135 Texas 496, 143 S.W. 2d 197; Herren v. Hollingsworth, 140 Texas 263, 167 S.W. 2d 735.

■ Plaintiff contends that since this transaction is an oil and gas transaction it is governed by Article 600a, Section 3(a) and (c) which exempts him from procuring a license to sell such securities and he is not covered by license requirement Article 6573a by virtue of Section 3(c) which provides in part as follows: "The provisions of this Act shall not apply to, and the terms 'Real Estate Dealer' and 'Real Estate Salesmen', as above defined, shall not include * * * (c) any person, partnership, or corporation who has secured a license under Texas Securities Act (Article 600a) House Bill No. 521, Regular Session, Forty-fourth Legislature." From this language plaintiff argues that since he is governed by Article 600a under the facts of this case, the above quoted statute exempts him from the requirement that he have a license as a dealer or salesman for real estate. We agree with plaintiff that he is governed by provisions of Article 600a, but he has no license under that statute, so he cannot be exempt from Article 6573a in accordance with the plain requirement that to be exempt he must have "secured a license under Texas Securities Act, Article 600a * * *." The undisputed facts are that he has no such license.

There remains only the contention of plaintiff (with which the Court of Civil Appeals agrees) that the following paragraphs of his petition constitute a suit "to recover damages for the wrongful conversion and breach of trust in regard to confidential data, information and reports compiled and accumulated by plaintiff and delivered to defendant, The Texas Company, for limited purposes", and not a suit for a commission or compensation for his services in making the sale. Those allegations of plaintiff's petition are as follows:

"VI. * * * that the Defendants Breeding, Stone, Kneale, The Texas Company, Columbian Carbon Company, and the Hydrocarbon Company, fraudulently and maliciously conspired to defraud the Plaintiff of his contractual profits by having The Texas Company furnish the necessary data affecting the aforementioned properties to Defendant Cole, who joined with the Columbian Carbon Company to purchase said properties; that Plaintiff furnished such information and data to The Texas Company, with the understanding that such information of said properties be kept confidential, and said company breached its agreement with Plaintiff to keep such data confidential, and also breached the custom and usage of the oil industry affecting transactions of this nature by making available to Defendants Cole and the Columbian Carbon Company the reports of said Plaintiff.

"VII. That, by reason of the Defendants fraud, deceit, connivance and fraudulent intent to defraud said Plaintiff, and breach of the custom and usage in transactions of this nature in the oil industry, Plaintiff has been further damaged in the amount of $100,000.00."

We find no allegations of a similar nature that in any manner intimate such facts in either plaintiff's First Supplemental Petition making answer and reply to defendants' motion for summary judgment, or in plaintiff's affidavit filed resisting defendants' motion for summary judgment. In paragraph III of his petition plaintiff alleges "that the plaintiff thereupon contacted the Defendant The Texas Company, and for a period of four (4) months or longer Plaintiff worked with Defendant The Texas Company for the purchase of the Lacy properties; that Plaintiff, upon the request of Defendant, The Texas Company, furnished the said company the necessary confidential data for making valuation reports, and also carried on negotiations for the purchase of said properties by The Texas Company, or a company to be formed solely for the purpose of holding title to

the Lacy properties, and which title was eventually to inure to the benefit of The Texas Company." In paragraph V plaintiff alleges that "the agreed consideration of said contract provided that Plaintiff was to receive a Thirty-Five Thousand and No/100 ($35,000.00) Dollars commission if a sale of said properties was consummated with The Texas Company; * * *". Plaintiff, in the same paragraph V alleges he has suffered actual damages in the sum of $35,000.00 because he was the procuring cause of the sale of the Lacy properties to Columbian Carbon Company and Hydrocarbon Company, and by virtue of defendant, Breeding, having failed and refused to compensate plaintiff as Breeding had contracted to do. Plaintiff's allegations in paragraphs VI and VII, quoted above, are not alternative pleadings, nor is the prayer for an alternative recovery. All relate to but one cause of action.

After careful study and consideration we have concluded that the allegations of paragraphs VI and VII of plaintiff's petition, when taken in connection with the rest of the petition, and particularly those portions of paragraphs III and V above set out, are all allegations in which plaintiff is seeking to recover compensation for his services rendered in making the sale of the Lacy properties. He is precluded from such recovery by the terms of Articles 600a and Article 6573a as we have above demonstrated. It follows that the judgment of the trial court was correct.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is in all things affirmed.

Opinion delivered January 21, 1953.

Rehearing overruled February 18, 1953.