A. W. ESTES, Appellant,

v.

C. Milby DOW, Appellee.

No. 12989.

Court of Civil Appeals of Texas.

Galveston.

May 17, 1956.

Bracewell, Tunks, Reynolds & Patterson and Joe H. Reynolds, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski and L. Keith Simmer, Houston, for appellee.

GANNON, Justice.

This appeal by A. W. Estes is from an adverse summary judgment. The proceedings which led up to the entry of the judgment were as follows:

A. W. Estes originally filed suit on June 14, 1955, against C. Milby Dow, alleging himself to be a duly licensed real estate dealer engaged as such in Harris County, Texas; that defendant Dow was the owner of 229 acres of land, more or less, located in Harris County; that defendant, being desirous of selling the property, employed plaintiff to help with the sale and agreed to pay plaintiff as compensation 5% of the first $100,000 of the purchase price and 2½% of the remainder. Further allegations alleged a sale of the property, that plaintiff was the procuring cause of such sale and entitled to his commission as agreed in the sum of $31,250, for which he sued. Defendant answered on July 22, 1955, by special exceptions, a general denial, and a special plea setting up Sec. 22 of Art. 6573a, Vernon's Ann.Tex.St., requiring actions for the recovery of real estate commissions to be supported by contracts in writing. Defendant alleged the absence of any such written contract.

On August 5, 1955, plaintiff gave his oral deposition in which it was developed that at a time when defendant Dow was the owner of a tract consisting of some 600 acres of land in or near the southeastern part of the City of Houston, Harris County, Texas, he

entered into an oral arrangement with plaintiff whereby it was understood that plaintiff should assist in procuring prospective purchasers for the sale of said tract or portions thereof, plaintiff to be compensated on a commission basis.

It was further developed in plaintiff's deposition that prior to the sale of the 229 acres involved in the present suit, plaintiff had been instrumental in bringing about a sale of two other parcels out of the larger tract, one consisting of 100 acres and another of 27 acres. Plaintiff produced a copy of the original contract of sale between Dow and the purchaser of the 100 acres. Paragraph 21 of that contract reads as follows: "Upon final closing of this sale, Sellor shall pay to his Agent, A. W. Estes, Sr., as commission for the negotiation of this sale five percent of the first one hundred thousand dollars of a purchase price of three hundred thousand dollars, and on the balance of the purchase price over three hundred thousand dollars, Sellor shall pay two and a half percent thereof (sic)." The contract of sale, including Mr. Dow's written agreement to pay Mr. Estes' commission, is referred to in the deposition as Defendant's Exhibit No. 1. Questioned thereon, plaintiff testified as follows:

"Q. All right, so all of the lands identified on Defendant's Exhibit 1 was lands on which you earned a commission, and were paid a commission by Mr. Dow? A. Well, you can call it a commission, or you can call it anything you want. It was the amount he agreed that I should have.

"Q. I see. You earned a commission for your services in effecting the sales by that contract. A. You couldn't say it better."

Other testimony of Mr. Estes is that he had but one understanding with Mr. Dow applicable to the entire 600 acre tract. He testified, "We considered it all as one deal." He further testified that the present suit relating to the 229.196 acres in the southwest part of the tract was covered "under the same terms and the same arrangements" as those by and under which he, Mr. Estes, functioned in relation to the 100 acres upon which he was paid a commission. Additional testimony of Mr. Estes is that his principal responsibility under the arrangement was "finding and putting him [Dow] in touch with the prospective purchasers and that his function in the matter was simply to obtain potential customers; that he did "the same work on all of it," i. e., all parts of the entire acreage. Mr. Estes further testified he had no formal or written contract with Mr. Dow relating to him [Estes] obtaining a purchaser of the 229 acre tract. In the course of the deposition, plaintiff testified to incidental services rendered by him, such as submitting proposed platting to governmental authorities, attempting to arrange for the extension of streets through the property, etc. However, it appeared from the testimony these services were but incidental to the main object of selling the property which would enable Estes to earn a commission. In fact, the following occurred on Mr. Estes' examination by his own counsel:

"Q. Did you have any authority to represent Mr. Dow as to the purchase price of the property? A. I didn't have any authority to close on the price. I had authority to tell them what we would undertake to do, and let Mr. Dow have his own way.

\* \* \* \* \* \*

"Q. As I understand what I have heard you say this afternoon, your function in this matter was simply to obtain a potential customer? A. That's right."

Following plaintiff's deposition, plaintiff filed his first amended original petition. By the amended petition, plaintiff dropped his allegation that he was a licensed real estate dealer. With that exception, his primary allegations are the same as in his original petition, i. e., he sought recovery of a real estate commission on account of the sale of the 229 acre tract, alleging himself to be the procuring cause of such sale. However, the amended pleading contained two alternative allegations. By the first of these plaintiff alleged his oral employ-

ment by defendant in connection with defendant's desire to "develop, promote and sell the 229 acre tract" ; that plaintiff's employment was to render various services such as advising, counseling, assisting and helping defendant with the preparation of the land for the purpose of subdividing the same, and additionally that plaintiff was required to discuss with various governmental agencies the approval of subdivision plats of said land and that plaintiff was required to investigate the possibilities of the extension of certain streets through the 229 acre tract. The first alternative concludes with the allegation that it was part of plaintiff's duty under the arrangement "to procure people who were interested in purchasing portions of the 229 acres of property above described and to make arrangements with such prospective purchasers for negotiations with the Defendant and to attend such conferences and advise with the Defendant in the negotiations for the sale of such property. That as a part of said oral agreement Plaintiff was to receive the commission described in Paragraph II above at such time as the property was sold to a purchaser."

In connection with his first alternative, plaintiff alleged that the services which he was employed to render did not constitute him a real estate agent but merely an employee or contractor for the benefit of defendant, however the prayer is for the recovery of "the commission in the sum of $31,250.00."

By second alternative, plaintiff plead as follows: "Pleading further in the alternative, the Plaintiff would respectfully show that the Defendant employed the Plaintiff and agreed to pay the Plaintiff for services rendered and that on the basis of quantum meruit the reasonable value of the services rendered by the Plaintiff was Thirty-One Thousand Two Hundred Fifty ($31,250.00) Dollars."

Subsequent to plaintiff's deposition testimony and to the filing by plaintiff of his amended petition, defendant Dow filed a motion for summary judgment under Rule 166–A(b), Texas Rules of Civil Procedure.

The motion is based on the pleadings, the deposition testimony of plaintiff and plaintiff's admission that he was not a licensed real estate dealer, and had no written contract covering payment to him of a commission for his services. Plaintiff filed no rejoinder or reply to the motion for summary judgment, nor does he by opposing affidavits question any matter set out therein.

In this Court, plaintiff complains of the trial court's ruling against him on the motion for summary judgment and assigns the following points of error:

"Point I

"The trial court erred in granting defendant's motion for summary judgment because the plaintiff's trial petition alleged a cause of action, alleging facts about which there are material questions.

"Point II

"The trial court erred in granting defendant's motion for summary judgment because plaintiff's cause of action is upon a contract of employment and does not come within the prohibition of Article 6573a.

"Point III

"The trial court erred in granting defendant's motion for summary judgment because plaintiff is not suing for a commission as a real estate agent, but on his contract of employment for services rendered, and in the alternative, upon quantum meruit."

As presented to us, plaintiff bottoms his appeal on the proposition that since he plead, in the alternative at least, a cause of action not subject to any defense based upon Article 6573a, it was error for the trial court to render summary judgment against him. However, the argument ignores the contents of plaintiff's deposition and the fact that the summary judgment is based not alone upon the pleadings but as well upon the plaintiff's oral deposition and

the affidavits in support of the motion for summary judgment.

Article 6573a, prior to the 1955 amendment, read in part as follows:

"Sec. 2. The following terms shall, unless the context otherwise indicates, have the following meanings:

"(a). (1). The term 'Real Estate Dealer' shall include every person or company, other than a salesman, and licensed and registered attorneys, who for another or others for compensation or other valuable consideration, or who with the intention or in the expectation or upon the promise of receiving or collecting compensation or other valuable consideration, lists for sale, sells, exchanges, buys, or rents, or offers, or attempts, or agrees to negotiate a sale, exchange, purchase, or rental of an estate or interest in real estate, or collects, or offers, or attempts, or agrees to collect rent for the use of real estate, or negotiates, or offers, or attempts, or agrees to negotiate a loan, secured or to be secured by mortgage, or other incumbrance upon or transfer of real estate; or auctions, or offers, or attempts, or agrees to auction any real estate; or appraises, or offers, or attempts, or agrees to appraise any real estate; or who advertises, or holds itself, himself, or themselves out as engaged in the business of selling, exchanging, buying, renting, or leasing real estate, or assists or directs in the procuring of prospects, or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate, or who buys or offers to buy, sells or offers to sell, or otherwise deals in options on real estate or in the improvements thereon.

\* \* \* \* \* \*

"Sec. 13. No person or company engaged in the business of acting in the capacity of a real estate dealer or real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) hereof, without alleging and proving that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose. [As amended Acts 1949, 51st Leg., p. 304, ch. 149, § 1.]

\* \* \* \* \* \*

"Sec. 22. No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State [on September 20, 1939. As amended Acts 1949, 51st Leg., p. 304, ch. 149, § 1.] "

It is clear to us from plaintiff's deposition—the alternative allegation in the first amended petition to the contrary notwithstanding—that plaintiff's suit is actually solely one to recover compensation for services as a real estate dealer within the meaning of that term as defined in Art. 6573a. Plaintiff does not claim to be a licensed real estate dealer nor to have any written contract covering his compensation. This being true, it would be contrary to the Statute and to the declared public policy of the State to permit a recovery. Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W. 2d 585; Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377.

Appellant relies largely upon the case of Meyers v. Price, Tex.Civ.App. Austin, 247 S.W.2d 574. That case did not involve a motion for summary judgment. It was decided upon the pleadings alone. The Austin court held that plaintiff's pleadings in that case were broad enough to bring plaintiff's cause of action within the exemp-

tion of Sec. 3(a) of the 1939 Act, as amended, which is carried forward in substance as Sec. 6, Subdiv. 2 of the 1955 Act.

In the present case the judgment appealed from goes beyond the face of the pleadings. It is based not alone upon the pleadings but as well upon the deposition testimony and admissions of plaintiff, from which it plainly appears that plaintiff, though not a licensed real estate dealer, was so acting and is seeking in this suit to recover a commission as compensation for his services as such. Plaintiff's deposition testimony clearly shows that there was no genuine issue as to any material fact under plaintiff's alternative pleading wherein he set up a simple contract of employment, and we think the trial court properly sustained the motion for summary judgment.

Affirmed.