J. L. PARKER, Appellant,

v.

B. M. SMITH, Appellee.

No. 3456.

Court of Civil Appeals of Texas.

Eastland.

June 12, 1959.

Rehearing Denied July 10, 1959.

Paul Thorp, Dallas, for appellant.

Eades & Eades, Dallas, for appellee.

GRISSOM, Chief Justice.

J. L. Parker, a realtor, sold B. M. Smith's land and sued him for a commission. Smith filed a motion for summary judgment wherein he swore he had not executed any instrument in writing listing his land with Parker or agreeing to pay him a commission. He pleaded Section 28 of Article 6573a Vernon's Annotated Civil Statutes as a defense. By supplemental petition and affidavits Parker claimed Smith had waived the right to set up said statute as a defense and was estopped to do so. As grounds therefor he swore that he asked Smith for a written contract and Smith told him that he didn't need it; that they had been friends for years and that would protect him. The court sustained Smith's motion and rendered judgment accordingly. Parker has appealed.

Parker says the court erred in sustaining Smith's motion because Smith had waived the right to rely upon said statute as a defense and was estopped to do so because when Parker asked him for a written contract he stated that it wasn't needed because they had been friends for many years and Smith would protect him and pay him a commission; that he relied thereon and spent time and money in making the sale.

The first paragraph of Section 28 of Article 6573a provides that, "No action shall be brought in any court in this State for the recovery of any commission for the sale * * * of real estate unless the promise or agreement upon which action shall be brought, or some memoradum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

We think the reasoning of the following cases required the judgment which was rendered. Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377; Great Western Drilling Co. v. Simmons, Tex., 302 S.W.2d 400, 401; Williams v. Union Producing Co., Tex.Civ.App., 259 S.W.2d 572 (RNRE); Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228 (Writ Ref.); Wingo v. Farley, Tex.Civ.App., 318 S.W.2d 955; Furman v. Keith, Tex.Civ.App., 226 S.W.2d 218 (Writ Ref.) and Estes v. Dow, Tex.Civ. App., 290 S.W.2d 561. The statute declares the policy of the State that a realtor shall not recover a commission for the sale of real estate through the Courts of Texas unless he has a written agreement therefor signed by the owner. We conclude, as a matter of law, that the facts asserted by appellant did not constitute a waiver or estop Smith from asserting the statute as a defense.

The judgment is affirmed.